Klimas v. Lantz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT: RALPH K. WINTER,
GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

DANIEL KLIMAS,

*Plaintiff - Appellant*,

v.                                                                No. 12-3791-cv

THERESA C. LANTZ, PETER J. MURPHY, and
MICHAEL P. LAJOIE

*Defendants - Appellees*,

_____

FOR APPELLANT:     DANIEL M. ERWIN, (Norman A. Pattis, *on the brief*), The Pattis Law Firm, LLC, Bethany, Connecticut.

FOR APPELLEES:     CARMEL A. MOTHERWAY, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that order of the district court is AFFIRMED.

Plaintiff-appellant Daniel Klimas appeals the district court's judgment granting the defendants-appellees' motion for summary judgment and denying Klimas's cross-motion for summary judgment. Klimas brought suit under 42 U.S.C. § 1983, contending that the policies of the Connecticut Department of Corrections as implemented by the defendants-appellees prevent him from receiving mail from other members of the Hells Angels Motorcycle Club in violation of his rights under the First and Fourteenth Amendments. The district court concluded that the policies, as implemented, satisfied the standard for constitutional challenges to prison rules or regulations. See Turner v. Safley, 482 U.S. 78, 90-91 (1987). We agree. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal to which we refer only as necessary to explain our decision.

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." Fund for Animals v. Kempthorne, 538 F.3d 124, 131 (2d Cir. 2008). "We will affirm the grant of summary judgment only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Ramos v. Baldor Speciality Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012), quoting Fed. R. Civ. P. 56(a). "In determining

whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003) (internal quotation marks omitted). Although we must draw "all permissible factual inferences," in Klimas's favor, id., "our inferences must accord deference to the views of prison authorities," Beard v. Banks, 548 U.S. 521, 530 (2006). Thus, "[u]nless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." Id.

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner, 482 U.S. at 84. "Under the First Amendment, prisoners have a right to the free flow of incoming and outgoing mail." Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006). That right, however, like other rights and privileges, "must necessarily be limited in the prison context." Johnson v. California, 543 U.S. 499, 510 (2005). Regulations restricting prisoners' right to send and receive mail are valid if they are "reasonably related to legitimate penological interests," and are not an "exaggerated response to prison concerns." Turner, 482 U.S. at 90-91; see also Giano v. Senkowski, 54 F.3d 1050, 1056 (2d Cir. 1995). In assessing the reasonableness of a prison regulation, we consider four factors: (1) whether a valid rational connection between the prison regulation and governmental interest exists; (2) whether alternative means of exercising the right remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards or other inmates, and on the allocation of resources generally; and (4) how the

3

challenged regulation relates to the proposed alternatives.  See Johnson v. Goord, 445 F.3d at 535.

Having conducted an independent and de novo review of the record in light of the foregoing principles, we find no error in the district court's judgment.  The district court conscientiously applied the appropriate standard, assessed the four factors, and based its decision on a record comprising more than 200 pages of sworn affidavits and supporting exhibits. While federal courts should not uncritically "accept unsubstantiated assertions that a prison regulation is reasonable," Giano, 54 F.3d at 1058 (Calabresi, *J.*, dissenting) (internal quotation mark omitted), the record in this case amply establishes that the restrictions on Klimas's correspondence were not an "exaggerated response to prison concerns." Turner, 482 U.S. at 90.  Moreover, Klimas has failed to point to any evidence that establishes a genuine dispute as to any material fact, much less any evidence that would allow him to succeed on the merits.  Accordingly, we decline to disturb the district court's judgment.

Klimas contends that certain Supreme Court decisions in the last two decades, none of them dealing with the rights of prisoners to send and receive mail, have undermined Turner, and require this Court to employ a more searching form of reasonableness review to the mail restrictions at issue in this case.  See Cutter v. Wilkinson, 544 U.S. 709, 723-24 (2005) (noting that under RLUIPA the "compelling governmental interest standard" applies to prison regulations that burden the free-exercise of religion); Johnson v. California, 543 U.S. at 505-07 (noting that strict scrutiny applies to racial classifications in prison); Romer v. Evans, 517 U.S. 620, 632 (1996) (striking down on rational basis review state

4

constitutional amendment that drew classifications on the basis of sexual orientation); City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 450 (1985) (invalidating on rational basis review zoning ordinance discriminating against persons with mental disabilities). We decline to do so. As a lower court, we are mindful that we should not "conclude that [the Supreme Court's] more recent cases have, by implication, overruled an earlier precedent." Agostini v. Felton, 521 U.S. 203, 207 (1997). Instead, we must "follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." Id. We need not resolve whether reasonableness review under Turner is equivalent to rational basis review under the equal protection clause. Turner was, itself, a specific application of the Constitution to prison mail restrictions, and thus "directly controls" this case and other similar cases unless and until it is overruled by the Supreme Court.

We have considered all of Klimas's remaining arguments and find them to be without merit.

For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5